IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kostyantyn Bugarenko <br>     Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation <br>     Movant <br> vs. | NO. 19-11270 JKF |
| Kostyantyn Bugarenko <br>     Debtor | |
| Tatyanna Bugarenko <br>     Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| Scott F. Waterman, Esquire <br>     Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$3,554.84,** which breaks down as follows;

Post-Petition Payments:  April 6, 2019 to July 6, 2019 at $888.71/month
**Total Post-Petition Arrears**  **$3,554.84**

2. The Debtor(s) shall cure said arrearages in the following manner;

  a). By August 6, 2019, the Debtor will be current on all post-petition arrears;

  b). Beginning on August 6, 2019, Debtor(s) shall pay the present regular monthly payment of **$888.71** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the sixth (6th) day of each month.

  c). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The loan matures on February 6, 2020. Upon maturity, if Debtor has not purchased the vehicle within the time frame as allowed by the loan documents, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 16, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 8/15/2019

Toya Weiss, Esquire
Attorney for Debtors

Date: /8/15/2019

/s/ Polly A. Langdon, Esquire, for
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon