United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                      Case No. 19-11270-jkf
Kostyantyn Bugarenko                                                        Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: JEGilmore           Page 1 of 1           Date Rcvd: Aug 19, 2019
                              Form ID: pdf900           Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 21, 2019.
db             +Kostyantyn Bugarenko,    60 Princeton Road,    Huntingdon Valley, PA 19006-1227

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Aug 20 2019 03:19:04     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 20 2019 03:18:48
                 Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 20 2019 03:19:00     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
cr             +E-mail/Text: debott@rileysales.com Aug 20 2019 03:19:01     Riley Sales, Inc.,
                 1719 Romano Drive,    Plymouth Meeting, PA 19462-2821
cr             +E-mail/PDF: gecsedi@recoverycorp.com Aug 20 2019 03:12:15     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 5

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 19, 2019 at the address(es) listed below:
              BRIAN THOMAS LANGFORD    on behalf of Creditor    Citizens Bank, N.A. f/k/a RBS Citizens, N.A.
               PitEcf@weltman.com
              GARY M. PERKISS    on behalf of Creditor    Riley Sales, Inc. gperkiss@perkiss.com
              MARY F. KENNEDY    on behalf of Creditor    Citizens Bank, N.A. f/k/a RBS Citizens, N.A.
               mary@javardianlaw.com,   tami@javardianlaw.com
              POLLY A. LANGDON    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com,
               ecf_frpa@trustee13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com
              SCOTT F. WATERMAN (Chapter 13)    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
               ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com
              TOVA WEISS    on behalf of Debtor Kostyantyn Bugarenko weiss@lawyersbw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kostyantyn Bugarenko <br>          Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation <br>          Movant <br> vs. | NO. 19-11270 JKF |
| Kostyantyn Bugarenko <br>          Debtor | |
| Tatyanna Bugarenko <br>          Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| Scott F. Waterman, Esquire <br>          Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$3,554.84**, which breaks down as follows;

Post-Petition Payments:    April 6, 2019 to July 6, 2019 at $888.71/month
**Total Post-Petition Arrears**    $3,554.84

2. The Debtor(s) shall cure said arrearages in the following manner;

a). By August 6, 2019, the Debtor will be current on all post-petition arrears;

b). Beginning on August 6, 2019, Debtor(s) shall pay the present regular monthly payment of **$888.71** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the sixth (6th) day of each month.

c). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The loan matures on February 6, 2020. Upon maturity, if Debtor has not purchased the vehicle within the time frame as allowed by the loan documents, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  July 16, 2019                                By: /s/ Rebecca A. Solarz, Esquire
                                                    Attorney for Movant

Date: 8/15/2019                                     _____
                                                    Toya Weiss, Esquire
                                                    Attorney for Debtors

Date: /8/15/2019                                    /s/ Polly A. Langdon, Esquire, for
                                                    Scott F. Waterman, Esquire
                                                    Chapter 13 Trustee

Approved by the Court this 16th day of August, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon